IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mitchell Seth Littleton,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>John Hicks, *Chief of Jail*; and York County Detention Center Mailroom,<br><br>　　　　　　Defendants. | Civil Action No. 6:20-cv-04479-TMC<br><br>**ORDER** |

Plaintiff Mitchell Seth Littleton, proceeding *pro se* and *in forma pauperis*, brought this civil action to 42 U.S.C. § 1983. *See* (ECF Nos. 1; 2; 8; 12). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 24, 2021, the magistrate judge entered an order advising Plaintiff that his Complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted and because Defendant York County Detention Center Mailroom (the "Mailroom") is not a "person" amendable to suit under § 1983. (ECF No. 14). Accordingly, the magistrate judge granted Plaintiff fourteen (14) days in which to file an amended complaint curing the deficiencies set out in the order. *Id*. at 5. The order further warned Plaintiff that, if he failed to file an amended complaint, the magistrate judge would recommend that his claims be dismissed with prejudice and without further leave to amend. *Id*. at 6. The order was mailed to Plaintiff on February 24, 2021 at the address he provided to the court, (ECF No. 15), and has not been returned as undeliverable. Thus, Plaintiff is presumed to have received it. Nevertheless, Plaintiff failed to file an amended complaint, and the time to do so has expired.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for the reasons set forth in his February 24th order and for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 19). Plaintiff was advised of his right to file objections to the Report. *Id*. at 7. Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199– 200 (4th Cir. 1983)).

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 19), and incorporates it herein. Accordingly, the court finds that the Complaint is subject to summary dismissal for failure to state a claim for which relief can be granted and for failure to prosecute

and comply with court orders under Rule 41(b). Therefore, Plaintiff's Complaint is **DISMISSED with prejudice** and without issuance and service of process.[1] The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

    **IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 13, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] This action constitutes a "strike" pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).